UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL EUGENE READ,

    Petitioner,

v.                                                  Case No: 2:17-cv-322-FtM-38MRM
                                                  Case No: 2:15-cr-6-FtM-38MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

This case is before the Court on Petitioner Michael Read's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1; Cr-Doc. 91)[2] and Memorandum of Fact and Law in Support (Doc. 2; Cr-Doc. 91-1) filed June 12, 2017. The United States filed a Response in Opposition to the Motion (Doc. 8) on September 7, 2017, to which Read filed a Reply (Doc. 12) on November 7, 2017. On February 12, 2018, Read filed a Motion for Evidentiary Hearing (Doc. 13; Cr-Doc. 92). For the reasons set forth below, Read's § 2255 motion is denied.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court will refer to the civil case docket as "Doc." and the underlying criminal docket, 2:15-cr-6-FtM-38MRM, as "Cr-Doc."

## BACKGROUND

On February 4, 2015, a federal grand jury returned a two-count Indictment (Cr-Doc. 1) against Read. Count One charged Read with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Count Two charged Read with distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). On July 28, 2015, Read pled guilty to both counts without the benefit of a plea agreement. (Cr. Docs. 42, 79). On November 2, 2015, the Court varied below the Guidelines range and sentenced Read to 120 months in prison followed by a life term of supervised release. (Cr-Doc. 54 at 2-3).[3] Judgment was entered on November 3, 2015. (Cr-Doc. 54).[4] After being granted leave of Court, Read filed a Notice of Appeal on January 5, 2016. (Cr-Doc. 60). On February 12, 2016, the Court granted counsel's motion to withdraw and appointed the Federal Public Defender for appeal purposes. (Cr-Doc. 69). On June 8, 2016, pursuant to Read's motion for voluntary dismissal, the Eleventh Circuit dismissed Read's appeal. (Cr-Doc. 90 at 2). Relying upon the date in the certificate of service (June 7, 2017), the United States concedes that Read's § 2255 motion is timely. (Doc. 8 at 3, 10). The Court agrees.[5]

---

[3] Under the United States Sentencing Guidelines, Read's Criminal History Category was calculated at a Category I, with a total offense level of 34, yielding an advisory sentencing range of 151 to 188 months in prison. (Cr-Docs. 44 at 14; 51 at 1; and 80 at 4).

[4] On February 16, 2016, an Amended Judgment was entered to include the stipulated restitution information. (Cr-Doc. 71).

[5] The Clerk received and docketed Read's § 2255 motion on June 12, 2017. The mailing envelope bears a USPS metered postage date-stamp of June 9, 2017. Under the "mailbox rule," a prisoner's motion is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Because the motion does not contain a date-stamp indicating the date Petitioner delivered the motion to prison officials, the Court deems the date of filing to be June 7, 2017, the date Petitioner certifies he placed the motion in the prison mailing system.

**DISCUSSION**

**A. Grounds Presented for Review**

Liberally construing Read's pleadings and as more fully developed below,[6] Read raises three separate grounds of constitutionally ineffective assistance of counsel in his § 2255 motion. (Doc. 1, Doc. 2). In Ground One, Read asserts counsel was ineffective for failing to present evidence of Read's efforts to ensure he did not distribute child pornography. (Doc. 1 at 4, Doc. 2 at 1-2). In Ground Two, Read claims counsel rendered ineffective assistance when counsel failed to negotiate a plea agreement to his benefit or follow up on "possible defense strategies." (Doc. 1 at 5, Doc. 2 at 3-5). In Ground Three, Read faults counsel for failing to "present evidence regarding six events of Search and Seizure on [Read's] computers and network for which neither Warrant, Court Order, nor Notice was issued." (Doc. 1 at 7, Doc. 2 at 5-7).

**B. Evidentiary Hearing Standard**

The governing statute requires that the district court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If the petitioner alleges facts, that if true, would entitled him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir 2017) (quoting *Aron v. United States,* 291 F.3d 708, 714-15 (11th Cir. 2002)). A petitioner need only allege, not prove, nonconclusory facts that would entitled him to relief. *Id.* If, however, the allegations are "affirmatively contradicted by the record" and

---

[6] The Court is required to resolve all claims for relief raised in a § 2255 motion, regardless of whether habeas relief is granted or denied. *Clisby v. Jones,* 960 F.2d 925, 936 (11th Cir.1992) (*en banc*); *Gay v. United States* 816 F.2d 614, 616 n. 1 (11th Cir.1987).

"patently frivolous," the court is not required to hold an evidentiary hearing. *Id.* Nor is the court required to hold a hearing where the claims are "conclusory allegations unsupported by specifics." *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010), *cert. denied*, 563 U.S. 976 (2011). To merit an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must allege specific facts that would show (1) that counsel performed deficiently and (2) this deficient performance prejudiced the petitioner. *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017).

As more fully set forth below, the Court finds the claims are refuted by the record, and/or that petitioner cannot make the necessary showing that counsel was deficient, and/or that he was prejudiced by counsel's alleged deficient performance. Consequently, the Court finds an evidentiary hearing is not required in this case.

**C. Effect of Guilty Plea**

As noted *supra*, Read entered a counseled guilty plea to both counts of the Indictment. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir.1992). Thus, when a § 2255 motion is filed collaterally challenging convictions obtained pursuant to guilty pleas, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569 (1989). Alternatively, "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

Notably, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). Indeed, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (citations omitted). Thus, conclusory allegations that are not supported by specific facts and contentions that are refuted by the record are subject to summary dismissal. *Blackledge* 431 U.S. at 74.

**D. Ineffective Assistance of Counsel**

The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that: (1) counsel's performance was deficient and (2) petitioner suffered prejudice because of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the first element, a petitioner must show that "he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases." *Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009) (citing *Hill*, 474 U.S. at 56-57)). The Eleventh Circuit has held that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial . . . and . . . need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between" pleading guilty or "going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984) (citation omitted); *see also* S*tano v. Dugger*, 921 F.2d 1125, 1151 (11th

5

Cir. 1991). "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client." *Wofford*, 748 F.2d at 1508. (citation omitted). Performance is "measured against an objective standard of reasonableness under the prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 381 (2005) (internal quotation marks and citations omitted).

To satisfy the second requirement in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. 52 at 59; *see also Lee v. United States*, 582 U.S. ___, 137 S.Ct. 1958, 1965 (2017). A court considers whether the petitioner had a fruitful defense at trial, s*ee Hill*, at 59, keeping in mind that, counsel is not required to raise a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). While stressing that the focus is on the petitioner's decision-making and rejecting a *per se* rule that a defendant with no viable defense cannot show prejudice, the Supreme Court nonetheless cautions that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 137 S.Ct. at 1966-67. If a petitioner fails to satisfy either *Strickland* prong, his claim fails and the court need not address both prongs. See *Strickland*, 466 U.S. at 697.

6

*1. Ground One*

Read attributes ineffectiveness to trial counsel for failing to present evidence regarding Read's efforts to ensure he did not distribute child pornography. (Doc. 1 at 4). Read claims that his "system was designed so that no file could be shared and therefore he did not and could not distribute [child] pornography." (Doc. 1 at 4). Read alleges that counsel was aware of this information but failed to present it to the Court. (*Id.*) While conceding that he had no defense to possession of child pornography if he went to trial, Read argues that there is a "reasonable probability" that the distribution count would have been dismissed and he would have received a lesser sentence. (Doc. 2 at 2). The Government responds that Ground One of Read's motion is without merit, because Read knowingly and voluntarily admitted at the change of plea colloquy to using file sharing programs on his computer that permitted public access to the child pornography. (Doc. 8 at 15).

The record conclusively shows that Read entered a knowing and voluntary guilty plea. During the plea colloquy, the Court asked Read questions and ensured that he understood his charges, consequences of his plea, and the rights he was waiving. (Cr-Doc. 79 at 4-5, 11-12). Read told the Court that he understood the proceedings. (*Id.*). He stated that he had no mental condition and was not impaired by medication. (*Id.* at 5-8). Thus, based upon the record, the Court finds that Read's plea was knowing and voluntary, and Read does not appear to suggest otherwise in his motion. (*See generally* Doc. 1). To the extent that Read argues that his plea was not knowing and voluntary based upon his alleged diagnosis of "OCD and obvious hoarding mental defect" or that the Court improperly failed to consider this alleged mental defect in sentencing Read as

7

intimated in his Reply, the Court finds these claims (and any other claims raised for the first time in his Reply) waived. See *Oliveiri v. United States*, 717 F. App'x 966, 966 (11th Cir. 2018) (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.11 (11th Cir. 2009); *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006)).

Here, the record conclusively refutes Read's claim that trial counsel was ineffective for failing to present evidence that Read was not guilty of the distribution charge in Count 2 of the Indictment. Prior to accepting Read's guilty plea, the following exchange took place between the Court and Read regarding the necessary elements of Count Two of the Indictment that charged Read with distribution of child pornography, including that Read "knowingly distributed" the images:

> THE COURT: The essential elements of Count 2 are as follows: First, the defendant knowingly distributed a visual depiction; second, the depiction was shipped or transported in interstate or foreign commerce, by any means, including computer; third, producing the visual depiction involved using a minor in sexually explicit conduct; fourth, the depiction is of a minor engaged in sexually explicit conduct; and, fifth, the defendant knew that at least one performer in the visual depiction was a minor and knew the depiction showed the minor engaged in sexually explicit conduct. Sir, do you understand the elements of the charges that the United States would have to prove beyond a reasonable doubt for you to be convicted?
>
> THE DEFENDANT: I do.
>
> THE COURT: Do you have any questions about them?
>
> THE DEFENDANT: No, sir.

(Cr-Doc. 79 at 14:5-22).

> THE COURT: And I'll ask you how do you plead, guilty or not guilty, to Count 2 of the indictment?
>
> THE DEFENDANT: Guilty.

(Cr-Doc. 79 at 19:22-25).

The Government further proffered the factual basis for Count 2, which included the description of the four videos depicting child pornography that were on the defendant's computer, and the fact that Read made the videos available for download from his computer by using a peer-to-peer file sharing program while being connected to the Internet at the time of the downloads. (Cr-Doc. 79 at 20-22). The factual basis also revealed that, when agents executed a search warrant for Read's residence on January 30, 2015, Read signed a written waiver of his *Miranda* rights and admitted to using various peer-to-peer file sharing programs. (*Id.* at 24). In particular, during the interview:

> . . . the defendant admitted using various peer-to-peer programs such as Sharaza, which was active at the time of the execution of the warrant. The defendant admitted to using eDonkey 2000 and eMule programs previously to search for, download, sort, view, and transfer to other media hundreds of images and video of child pornography over the past several years.

(Cr-Doc. 79 at 24:5-11).

> Read acknowledged the veracity of the facts presented by the Government.
>
> THE COURT: Mr. Day, are there any objections to the facts as read by the government? MR. DAY: There are not, Your Honor.
> THE COURT: Mr. Read, were you listening carefully as the government summarized the facts relating to the charge against you?
> THE DEFENDANT: I was.
> THE COURT: And, sir, is that what you did?
> THE DEFENDANT: Yes.
> THE COURT: Do you admit the truth of the factual basis and that all of the elements thereof are true and correct as they pertain to you?
> THE DEFENDANT: Yes.

(Cr-Doc. 79 at 25:3-15). Read confirmed at sentencing that he read and had no objections to the factual accuracy of the Presentence Report which outlined Read's "Offense Conduct" to include that Read was "actively sharing child pornography since October 9, 2014, via Peer to Peer (P2P) file sharing networks" and also identified the

9

various dates on which government agents identified Read's IP address as "actively sharing child pornography."  (Cr-Doc. 50 at 4-5; Cr-Doc. 80 at 2-3).

"Knowingly placing or leaving files in a shared folder connected to a peer-to-peer network undoubtedly constitutes distribution under U.S.C. § 2252(a)(2)." *United States v. Carroll*, ___ F.3d ___, 2018 WL 1633296 (11th Cir. 2018); *see also United States v. Johnson*, 694 F. App'x 753, 755 (11th Cir. 2017).  Here, Read admitted to both using various file sharing programs that gave access to other users and "knowingly distributing" such images.  (Cr-Doc. 79 at 20-27).  The Government having accessed the child pornography from Read's computer through the file sharing programs supports his admission.  (*Id.*).  Thus, the Court finds Read cannot show that trial counsel was deficient in failing to present evidence that Read was not guilty of Count 2 of the Indictment.

Moreover, Read cannot show prejudice because the Court sentenced Read to 120 months on Counts 1 and 2 to 120 months "each count to run concurrent in this case." (Cr-Doc. 80 at 39:9-10).  Consequently, Read cannot show a "reasonable probability" that his sentence would have been more favorable had trial counsel challenged Count 2 of the Indictment.  Thus, the Court denies Read relief on Ground One as refuted by the record and otherwise as without merit.

   *2. Ground Two*

Read asserts trial counsel was ineffective for failing to negotiate a plea agreement in Read's favor or "follow up on possible defense strategies."  (Doc. 1 at 5).  Read generally claims that he appraised trial counsel of "numerous claims of outrageous government conduct" but counsel failed "to pursue them or any other strategy as a viable defense." (*Id.*).  Significantly, in his motion, Read does not set forth the exact nature of

the alleged "outrageous conduct" or what "viable defense" he claims counsel ignored. (*See generally* Doc. 1). In his Memorandum, Read accuses trial counsel of "innate prejudice" as evidenced by counsel's reference to him as a "pedophile" at sentencing, and counsel's alleged failure to pursue an investigation into the following claims: an "overbroad search warrant," "double jeopardy," an unidentified government agent "reneged on an offer of 5 to 7 years in return for cooperation," an "unMirandized [sic] custodial interrogation," six "warrantless searches" conducted on Read's computer and network, and "$8,000 (eight thousand dollars) of personal property" missing that was not listed when seized or not returned. (Doc. 2 at 3-5).

With regard to Read's claim that counsel was ineffective for failing to obtain a plea agreement, the Government argues that Read's claim lacks merit because Read does not have the right to a plea agreement. (Doc. 8 at 17). Furthermore, the Government argues that Read cannot show prejudice. (*Id.*).

It is clear that "a defendant has no right to be offered a plea[.]" *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)); *see also Lafler v. Cooper*, 566 U.S. 156, 168 (2012). Because "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." *Weatherford*, 429 U.S. at 561. And, whether to offer a plea agreement is in the sole discretion of the prosecutor and such an agreement need not be in terms favorable to a defendant. *Weatherford*, 429 U.S. at 561; *see also* Fed. R. Crim P. 11(c)(1) (stating "the government and the defendant's attorney . . . may discuss and reach a plea agreement."). Consequently, Read cannot "show a 'reasonable probability' of a different result based on a purely hypothetical plea offer subject to absolute executive discretion." *Lee*, 137

11

S.Ct. at 1970.  Thus, the Court finds Read's claim that counsel was ineffective for failing to obtain a plea agreement is without merit.

The Court further finds the record conclusively refutes Read's litany of generalized and conclusory claims.  There is no evidence to suggest, yet alone support, Read's claim that trial counsel was prejudiced.  Counsel did not call Read a "pedophile."  Instead counsel made reference to "pedophilia disorder" diagnosed by the doctor who assessed Read on behalf of the defense in arguing for a downward departure of Read's sentence. (Cr-Doc. 80 at 21:15-25).  The record further reveals Read affirmatively acknowledged that trial counsel explained the various defenses that he had and he was waiving any possible defenses, including any challenges to "the way in which the government obtained evidence, statements, or confession."  (Cr-Doc. 79 at 11:3-15).  Read denied being made any promises or relying upon any agreements concerning the sentence to be imposed, or being promised that he will in fact receive credit for acceptance or responsibility at sentencing.  (*Id.* at 27:21-25; 28:1-4; 29:5-12).  Read stated he had sufficient time to discuss his case with trial counsel, was satisfied with trial counsel, and had no complaints with the way trial counsel had handled his case.  (*Id.* at 29:20-25; 30:1-10).  Based upon the foregoing, the Court finds that the list of the various claims Read references in Ground Two are conclusively refuted by the record.  Thus, the Court denies Ground Two in its entirety.

   *3.  Ground Three*

In his third ground, Read submits trial counsel was ineffective for failing to move to suppress evidence seized in violation of the Fourth Amendment.  (Doc. 1 at 7; Doc. 2 at 5-6; Doc. 12 at 4).  Read argues that agents violated his Fourth Amendment right when

they conducted six (6) warrantless searches of his computer files and router, which Read characterizes as "outrageous conduct." (Doc. 1 at 7).[7]

In response, the Government states that a warrant was not required to search Read's computer because he did not have an objectively reasonable expectation of privacy in his peer-to-peer shared computer files. (Doc. 8 at 17). Alternatively, the Government contends that Read cannot show prejudice because the Court sentenced Read to concurrent terms of 120 months, so Read would have still received the same sentence for pleading guilty to Count 1 of the Indictment.

A petitioner can establish ineffective assistance of counsel by showing that his counsel unreasonably failed to move to suppress evidence. *See Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986). To prevail on such a claim, "the defendant must . . . prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* at 375. "If a search was constitutional, then counsel is not obligated to move to suppress the evidence or dismiss the indictment and a defendant is not prejudiced by counsel's failure to do so." *Castillo v. United States*, 816 F.3d 1300, 1303 (citing *Kimmelman*, 477 U.S. at 375; *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260-61 (11th Cir. 2006)).

---

[7] In Ground Three, Read also asserts trial counsel failed to move to suppress evidence stemming from an overbroad search warrant of Read's home. (Doc. 12 at 8-9). Not only is Read's claim unsupported, but he also cannot show prejudice because the suppression of evidence that originated from the warrant would not have affected the outcome of Read's case. Although Read made a knowing and voluntary guilty plea that waived his claims of constitutional violations, he admits that all evidence necessary for his conviction was found on the shared files located on his computer. (*Id.* at 9). Thus, suppressing the evidence found during the execution of the search warrant of his home would not have changed the outcome of Read's case and does not amount to a *Strickland* violation.

A petitioner alleging an unconstitutional search per the Fourth Amendment must have had a "subjective and an objective expectation of privacy." *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006) (citing *United States v. Robinson*, 62 F.3d 1325, 1328 (11th Cir. 1995)). "The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." *Robinson*, 62 F.3d at 1328 (quotations and brackets omitted). The Eleventh Circuit has held, even if a defendant had a subjective expectation of privacy in his peer-to-peer computer files containing child pornography, such an expectation is not objectively reasonable. *See United States v. Norman*, 448 F. App'x 895, 897 (11th Cir. 2011); *see also United States v. King*, 509 F.3d 1338, 1341-42 (11th Cir. 2007) (finding civilian contractor did not have objectively reasonable expectation of privacy in contents of his personal laptop computer when it was connected to military base's network).

Based upon prevailing and binding precedent, Read's argument lacks merit. Read did not have an objectively reasonable expectation of privacy in the shared child pornography files on his computer. (Doc. 1 at 7; Doc. 2 at 5-7; Doc. 12 at 8). His computer contained various peer-to-peer file sharing programs that allowed public users to access the child pornography stored on his computer. (Cr-Doc. 79 at 20-21). Read even admitted that the Government was able to access his files through the peer-to-peer file sharing program. (*Id.* at 20). Although Read may have had a subjective expectation of privacy, he did not have an objective one.

Read also argues that a warrant was required for the Government to search his computer because it used technology not available to the common public. (Doc. 2 at 1).

14

The Eleventh Circuit has rejected this argument. In *Norman*, the court held that no warrant is necessary for law enforcement to search shared computer files when the information is already available to the public. See *Norman*, 448 F. App'x at 897. Because no warrant was required to search Read's computer, he did not suffer a Fourth Amendment violation when the private internet service providers allegedly aided the Government in searching Read's computer. (Doc. 12 at 9).

Further, the record conclusively refutes Read's claim that trial counsel failed to even consider any suppression issues.

> THE COURT: And, Mr. Day, are you satisfied that your client knows what he's charged with, that you have had sufficient time to counsel with your client, and he is pleading guilty freely and voluntarily with full knowledge of the consequences of his plea.
>
> MR. DAY: We are, Your Honor, and we have reviewed the discovery in this the ma[tt]er on several occasions. We have also discussed with him the guidelines and the recommendations that may be coming from those guidelines. **We have also addressed some possible pretrial suppression issues, which we fully explored, and after discussion with Mr. Read we have all agreed, along with Mr. Read, that there is not a sufficient basis to proceed forward with the motion to suppress**.

(Cr-Doc. 79 at 31:17-25; 32:1-9) (emphasis added).

Thus, the Court finds that Read's claim that trial counsel was ineffective for failing to file a suppression motion regarding any of the claims identified above is refuted by the record and without merit. The Court denies Read relief on Ground Three.

Accordingly, it is now **ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1, Cr-Doc. 91) is **DENIED**.

2. Petitioner's Motion for Evidentiary Hearing (Doc. 13, Cr-Doc. 92) is **DENIED**.

3. The Clerk is **DIRECTED** to enter judgement accordingly, terminate any pending motions, and close this case.

4. The Clerk is **DIRECTED** to docket this Opinion and Order in the criminal file.

### CERTIFICANT OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability ("COA"). Rules Governing Section 2255 Cases, Rule 11(a). A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Upon review of the record, the Court finds that Petitioner has not made the requisite showing in these circumstances. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of May, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record