UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL EUGENE READ,

    Petitioner,

v.                         Case No: 2:17-cv-322-FtM-38MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER PURSUANT TO LIMITED REMAND**[1]

This case is before the Court on a limited remand from the Eleventh Circuit Court of Appeals filed on February 5, 2019. (Doc. 22). The Eleventh Circuit directed this Court to either grant or deny a certificate of appealability from the denial of Petitioner Michael Eugene Read's ("Read") motion for reconsideration under Federal Rule of Civil Procedure 59(e). (*Id.* at 2). For the following reasons, the Court denies Read a certificate of appealability and leave to appeal *in forma pauperis*.

## BACKGROUND

On June 12, 2017, Read filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1). In his § 2255 motion, Read challenged his plea-based conviction for possession and distribution of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2). He presented three grounds for review. In Ground One, Read argued counsel was ineffective in failing to present evidence of Read's efforts to ensure he did not distribute child pornography. (Docs. 1 at 4; 2 at 1-2). Under Ground Two, Read asserted counsel rendered ineffective assistance when counsel failed to negotiate a plea agreement to his benefit or follow up on other defense strategies. (Docs. 1 at 5; 2 at 3-5). Under Ground Three, Read maintained counsel failed to present evidence of unconstitutional searches and seizures of his computers and network. (Docs. 1 at 7; 2 at 5-7).

On May 21, 2018, the Court denied Read's § 2255 motion on the merits. (Doc. 15). The Court also denied Read a COA and leave to appeal *in forma pauperis*. (*Id.* at 16). On June 20, 2018, Read filed a Motion to Alter or Amend this Court's May 25, 2018 [sic] Order Under Rule 59(e). (Doc. 17). On August 6, 2018, Read filed a Motion to Clarify and [sic] Judicial Notice As Regards [sic] Previously Filed Motion to Alter or Amend this Court's May 25, 2018 [sic] Order Under 59(e). (Doc. 18). The Court denied both motions but did not grant or deny a COA as to those denials. (Doc. 19). On September 10, 2018, Read filed a Notice of Appeal regarding the denial of his § 2255 motion and motion for reconsideration. (Doc. 20). While on appeal, Read moved for a COA. (Mot. for Certificate of Appealability, *Michael Eugene Read v. United States*, No. 18-13852 (11th Cir. Oct. 15, 2018)). Now, on remand, this Court must determine whether to issue a COA as to the denial of Read's motion for Rule 59(e) relief. (Doc. 22).

## STANDARD OF REVIEW

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a COA is issued under 18 U.S.C. § 2253(c). Under Rule 11(a) of the

2

Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Because the denial of a Rule 59(e) motion constitutes a 'final order' in a state habeas proceeding . . . a COA is required[.]" *Perez v. Sec'y, Fla. Dep't Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013). 28 U.S.C. § 2253 provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The exact standard for issuance of a COA, however, depends upon whether the underlying motion was denied upon substantive or procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the merits . . . petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. By contrast, when a district court has rejected a claim on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

## DISCUSSION

In denying Read's motion for reconsideration, the Court found (1) it made no clear error of law in denying Read's § 2255 motion, (2) Read did not present an intervening change in controlling law, and (3) Read's attempts to rehash arguments this Court already rejected failed. (Doc. 19). For the following reasons, the Court finds Read did not make a substantial showing of the denial of a constitutional right in his Motion to Alter or Amend this Court's May 25, 2018 [sic] Order under Rule 59(e) and Motion to Clarify and [sic]

3

Judicial Notice As Regards [sic] Previously Filed Motion to Alter or Amend This Court's May 25, 2018 [sic] Order Under Rule 59(e). (Docs. 17; 18).

Read first argued that the Court committed clear error in relying on *Hill v. Lockhart*, 474 U.S. 52 (1985) and *Lee v. United States*, 137 S. Ct. 1958 (2017) as the appropriate standard in evaluating an ineffective assistance of counsel claim in the context of a guilty plea. (Doc. 17 at 1). Read argued that the Court should have followed Supreme Court precedent in *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012) in evaluating his claim. (*Id.*).

This Court found reconsideration improper because *Lafler* and *Frye* apply in the context of a <u>rejected</u> plea bargain. (Doc. 19 at 5). Because Read pled guilty and did not proceed to trial, *Lafler* and *Frye* did not set forth the standard of prejudice in this context. *See Lee*, 137 S. Ct. at 1965, n. 1 (citing *Frye*, 566 U.S. at 148) ("*Frye* and *Lafler* articulated a different way to show prejudice, suited to the context of pleas not accepted, not an additional element to the *Hill* inquiry.")). (*Id.*). Accordingly, the Court finds reasonable jurists would not debate its denial of this claim and thus no COA is merited. *See Slack*, 529 U.S. at 484.

Read next argued the Court should reconsider the denial of his § 2255 motion because *United States v. Carroll*, 886 F.3d 1347 (11th Cir. 2018) presented an intervening change in controlling law. (Doc. 1 at 2). The Court declined reconsideration for three reasons. First, unlike the defendant in *Carroll*, Read has an advanced understanding of computer technology. Not only did Read attend "[f]our years of college" and obtain a "bachelor of science in computer science," but he admitted he has "extraordinary skills in computer operation." (Doc. 19 at 6-7). Further, implicit in his assertion that he attempted

4

to shield outsiders from his files is that he understood how peer-to-peer file sharing programs worked. (*Id.*). It was for these same reasons the Court found this case factually similar to *United States v. Alpizar*, No. 16-15170, 2018 WL 3598624, 6 (11th Cir. July 26, 2018) (holding defendant knowingly distributed child pornography because, among other things, he had an advanced proficiency in computers and understood how peer-to-peer programs worked). (*Id.* at 7). Second, and important here, the Court considered *Carroll* in denying Read's underlying petition. (*Id.*). Finally, Read admitted at his change of plea hearing that he "knowingly distributed" child pornography. (*Id.*). Considering all the above, reasonable jurists would not find this Court's assessment debatable or wrong.

Read also argued the Court erred in denying two claims of ineffective assistance of counsel. (Doc. 17 at 1-3). First, Read argued counsel failed to present evidence he did not distribute child pornography, and this prejudiced him because his base offense level (32) was increased by two levels due to his distribution conviction under USSG § 2G2.2(a)(2). (*Id.* at 3). The Court rejected this argument for two reasons. First, Read attempted to re-hash an argument the Court had already rejected. (Doc. 19 at n. 6). And, second, he suffered no prejudice because even if Read's base offense level was calculated at a 32, the 2015 United States Sentencing Table indicates that such an offense level (at a Criminal History Category I) provided for a range of 121-151 months in prison. (*Id.*). Thus, because the Court varied below the United States Sentencing Guidelines ("Guidelines") and sentenced him to 120 months in prison, he could not show prejudice. (*Id.*).

Read next argued he was prejudiced by counsel's failure to understand the Guidelines. (Doc. 17 at 1-2). In particular, he claimed counsel misadvised him that if he

5

objected to his presentence report, he would have to go to trial. (*Id.* at 2). The Court found reconsideration unnecessary because trial counsel did file objections to the presentence report and thus the record refuted Read's claim. (Doc. 19 at n. 7). Consequently, reasonable jurists would not find this Court's assessments debatable or wrong.

Finally, the Court notes that Read, in his motion for reconsideration, moved for (1) leave to amend his § 2255 motion, under Fed. R. Civ. P. 15, and (2) the Court to take judicial notice of *Carroll*, 886 F.3d 1347. (Docs. 17 at 2-3; 18). The Court denied both motions. First, the Court noted Fed. R. Civ. P. 15, by its plain language, only governs amendment of pleadings before judgment is entered. (Doc. 19 at 7-8). Because Read moved to amend his motion a month after the Court entered judgment in his case, the Court denied his motion. (*Id.*). Second, the Court denied Read's motion for this Court to take judicial notice of case law. (*Id.* at 8). Specifically, the Court found that, based upon the plain language of Fed. R. Evid. 201(a), judicial notice is proper for "adjudicative facts," not for case law. (*Id.*). The Court, therefore, finds jurists of reason would not find it debatable (a) whether Read's motions to amend and take judicial notice stated a valid claim of the denial of a constitutional right and (b) whether this Court was correct in its procedural rulings.

Accordingly, it is now

**ORDERED:**

1. Petitioner Michael Eugene Read's Certificate of Appealability and Leave to Appeal *In Forma Pauperis* are **DENIED**.

objected to his presentence report, he would have to go to trial. (*Id.* at 2). The Court found reconsideration unnecessary because trial counsel did file objections to the presentence report and thus the record refuted Read's claim. (Doc. 19 at n. 7). Consequently, reasonable jurists would not find this Court's assessments debatable or wrong.

Finally, the Court notes that Read, in his motion for reconsideration, moved for (1) leave to amend his § 2255 motion, under Fed. R. Civ. P. 15, and (2) the Court to take judicial notice of *Carroll*, 886 F.3d 1347. (Docs. 17 at 2-3; 18). The Court denied both motions. First, the Court noted Fed. R. Civ. P. 15, by its plain language, only governs amendment of pleadings before judgment is entered. (Doc. 19 at 7-8). Because Read moved to amend his motion a month after the Court entered judgment in his case, the Court denied his motion. (*Id.*). Second, the Court denied Read's motion for this Court to take judicial notice of case law. (*Id.* at 8). Specifically, the Court found that, based upon the plain language of Fed. R. Evid. 201(a), judicial notice is proper for "adjudicative facts," not for case law. (*Id.*). The Court, therefore, finds jurists of reason would not find it debatable (a) whether Read's motions to amend and take judicial notice stated a valid claim of the denial of a constitutional right and (b) whether this Court was correct in its procedural rulings.

Accordingly, it is now

**ORDERED:**

1. Petitioner Michael Eugene Read's Certificate of Appealability and Leave to Appeal *In Forma Pauperis* are **DENIED**.

2. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the Clerk's Office of the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record